IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3031-FL

| | |
|---|---|
| VICTOR JACOBS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOSEPH HOLMES, THOMAS E. ASBELL, II, CAPTAIN OWENS, and LIEUTENANT PHILLIPS, | ) |
| Defendants. | ) |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to appoint counsel (DE 3), motions to amend (DE 13, 17), and motion for a preliminary injunction and a temporary restraining order (DE 15). The issues raised are ripe for adjudication.

A. Motions to Amend

Plaintiff filed two motions to amend his complaint. The court ALLOWS plaintiff's first motion to amend as a matter of course. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013).

As for plaintiff's second motion to amend his complaint, plaintiff requires leave of court. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad

faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff requests leave to amend his complaint to allege a constitutional claim related to his alleged exposure to live wires and resulting electrocution on April 23, 2015. This incident occurred over two months after plaintiff filed the instant action on February 4, 2015. A plaintiff must exhaust his administrative remedies for any claim prior to initiating a civil rights action pursuant to § 1983. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Because the alleged electrocution occurred subsequent to the date plaintiff filed this action on February 4, 2015, he could not have exhausted his administrative remedies for this claim prior to filing this case. Additionally, even if plaintiff now has completed the exhaustion process for the instant claim during the pendency of the instant action, he still may not proceed with his claim at this time because exhaustion in the course of pending litigation is insufficient to meet the § 1997e(a)'s exhaustion requirement. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1, n.1 (4th Cir. Oct. 31, 2006) (finding that an inmate does not comply with the Prison Litigation Reform Act's exhaustion requirement by exhausting his remedies during the course of litigation); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("[P]ermitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) . . .").

Based upon the foregoing, plaintiff's second motion to amend his complaint to include his electrocution-related claim is DENIED as FUTILE, and this claim is DISMISSED without

prejudice. A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

B.  Motion to Appoint Counsel

Plaintiff moves the court to appoint him counsel to assist with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

C.  Motion for a Temporary Restraining Order

The court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

E.    Review Pursuant to 28 U.S.C. § 1915(e)(2)(B)

The court now conducts a review of plaintiff's complaint and first amended complaint (DE 13), pursuant to § 1915(e)(2)(B). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal

4

interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff names Joseph Holmes ("Holmes"), Green Correctional Institution Superintendent Thomas E. Asbell, II ("Asbell"), Captain Owens ("Owens"), Lieutenant Phillips ("Phillips"), Lieutenant Shaw ("Shaw"), Officer Flind ("Flind"), and Officer Strickland ("Strickland") as defendants in this action. In particular, plaintiff alleges that defendant Holmes sexually assaulted him on three occasions. Plaintiff additionally alleges that defendant Shaw ordered defendants Flind and Strickland to strip search him as part of a "campaign of sexual harassment" which was "due to plaintiff's current sexual assault lawsuit." (Am. Compl. (DE 13), p. 2.) The court ALLOWS plaintiff to proceed with these claims.

As for plaintiff's claim against defendants Asbell, Owens, and Phillips, plaintiff states that these defendants "demonstrated deliberate indifference toward [his] sexual assault that has occurred three times." (Mem. in Supp. of Compl. p. 3.) Plaintiff makes no other allegations against these defendants. Plaintiff's allegation against defendants Asbell, Owens, and Phillips, fails to state a claim because it is based upon a theory of *respondeat superior*, as opposed to supervisory liability, in that plaintiff has failed to allege facts to establish any deliberate indifference or tacit authorization

5

on behalf of these defendants. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 n. 58 (1978) (holding that *respondeat superior* is unavailable under § 1983); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth requirements to properly assert a supervisor liability claim under § 1983); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (Finding *pro se* complaints require a minimum level of factual support.). Thus, plaintiff's action against defendants Asbell, Owens, and Phillips is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's first motion to amend (DE 13) is GRANTED, but plaintiff's second motion to amend (DE 17) is DENIED as FUTILE. The claim plaintiff asserted in his second amended complaint is DISMISSED without prejudice;

(2) Plaintiff's motion to appoint counsel (DE 3) is DENIED;

(3) Plaintiff's motion for a temporary restraining order (DE 15) is DENIED;

(4) Plaintiff's action against defendants Asbell, Owens, and Phillips is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

(5) Plaintiff is ALLOWED to proceed with his action against defendants Holmes, Shaw, Flind, and Strickland;

(6) The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights

cases. In the event it become necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 24th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

7